```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                        Alexandria Division

AMERICAN ZURICH INSURANCE      )
COMPANY,                       )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:05cv866(JCC)
                               )
CORNELIUS H. DOHERTY, JR.,     )
et al.,                        )
                               )
          Defendants.          )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant Cornelius Doherty's appeal of Magistrate Judge Theresa Buchanan's April 12, 2006 Order, which awarded attorneys' fees and costs to Plaintiff as a sanction following Plaintiff's Motion to Compel Discovery and Plaintiff's "Motion to Correct Name of Plaintiff." For the following reasons, the Court will affirm the Magistrate Judge's Order in part, reverse it in part, and remand this matter for further proceedings.

## I. Background

Plaintiff American Zurich Insurance Company ("American Zurich") seeks a declaratory judgment that the lawyers' liability insurance policy it provided to Defendant Cornelius H. Doherty, Jr. ("Doherty") does not provide coverage for the judgment entered against Doherty in litigation brought by Defendants Julia Gordon Langdon, Lindsay A. Langdon, Elizabeth Brandon Sells, and Bryan Ludington Sells. In other words, this is an insurance

coverage dispute regarding Zurich Insurance's duty to indemnify Doherty.

The complaint in this action was originally brought in the name of Zurich American Insurance Company ("Zurich American"). On February 24, 2006, Plaintiff filed a "Motion to Correct Name of Plaintiff" seeking leave to amend the complaint to drop Zurich American and add American Zurich as the Plaintiff pursuant to Rule 15(a) or Rule 17(a) of the Federal Rules of Civil Procedure.[1] Plaintiff alternatively asked the Court to substitute the parties itself pursuant to Rule 21 of the Federal Rules of Civil Procedure. Doherty then filed an opposition to the Motion to Correct Name, arguing that the requested result could only be achieved if Zurich American dismissed its action and American Zurich filed a separate action. Doherty requested that the Magistrate Judge deny Plaintiff's attempt to amend its complaint.

On February 27, 2006, Plaintiff filed a Motion to Compel discovery, seeking Doherty's responses to Plaintiff's first set of interrogatories and first request for production of documents. In this motion, Plaintiff stated that it had attempted to contact Doherty's counsel by a February 17, 2006

---

[1] At the hearing on this motion, Plaintiff's counsel explained that Zurich American is actually a separate corporate entity and is the parent corporation of American Zurich. Zurich American was named as the Plaintiff in the complaint only because of a typographical error, and Plaintiff's counsel explained that there was never any intent to file this action on behalf of Zurich American.

voicemail, a February 20, 2006 email, and a February 21, 2006 written letter, and that it had received no response.  On March 15, 2006, Doherty's counsel filed an opposition to the Motion to Compel, explaining that Doherty's travel schedule had made it difficult to obtain the requested information and stating that the requested discovery would be supplied before the hearing on the matter.

At the hearing on Plaintiff's motions, Plaintiff's counsel indicated that he had received the requested discovery responses before the hearing.  Nevertheless, the Magistrate Judge imposed attorneys' fees and costs upon Doherty pursuant to Rule 37(a) of the Federal Rules of Civil Procedure.  The Magistrate Judge also dropped Zurich American and added American Zurich to the action pursuant to Rule 21.  Finally, the Magistrate Judge also decided to award Plaintiff the attorneys' fees and costs incurred in preparing and arguing the Motion to Correct Name.  Doherty has filed a motion objecting to the imposition of these sanctions.  Doherty's objections are currently before the Court.

## II.  Standard of Review

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on a nondispositive matter. Fed. R. Civ. P. 72(a).  *See also* 28 U.S.C. § 636(b)(1)(A).  While a magistrate judge's nondispositive rulings are ordinarily reviewed for clear error,

*see* Fed. R. Civ. P. 72(a), rulings regarding discovery disputes are better characterized as suitable for an abuse-of-discretion analysis. *See* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3069 (2d ed. 1997). *Cf. Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986) ("[A] district court has wide latitude in controlling discovery and that its rulings will not be overturned absent a showing of clear abuse of discretion."). Although abuse of discretion is a highly deferential standard of review, an error of law is by definition an abuse of discretion. *See Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 150 (4th Cir. 2002).

### III. Analysis

A. Timeliness

Plaintiff argues that Doherty's objections are untimely, pointing out that Rule 72(a) requires parties to serve and file objections to a magistrate judge's order within ten days after being served with a copy of the order. *See* Fed. R. Civ. P. 72(a). Plaintiff contends that the Order relevant to Doherty's appeal is the Magistrate Judge's verbal statement that she intended to grant Plaintiff attorneys' fees. Because this statement occurred in open court on March 17, 2006 and Doherty did not file his objections until April 26, 2006, Plaintiff claims that the objections are untimely.

The Court disagrees. The Magistrate Judge's ruling in open court on March 17, 2006 was merely a statement that she found an award of attorneys' fees and costs to be appropriate, and a statement of her intent to grant such an award after Plaintiff filed an affidavit of fees and costs. The Magistrate Judge did not enter an Order actually imposing such an award until April 12, 2006, one day after Plaintiff filed its fees and costs affidavit. It appears that Doherty received a copy of this Order on April 17, 2006. Accordingly, Doherty's objections filed on April 26, 2006 were timely under Rule 72(a).

B.  Motion to Compel

The stated basis for the Magistrate Judge's imposition of sanctions was Rule 37(a) of the Federal Rules of Civil Procedure. The Rule provides, in pertinent part:

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). Thus, upon the granting of a motion to compel, the Rule makes the award of sanctions mandatory unless the court, in its discretion, finds that the opposing party's

actions were justified or that an award would otherwise be unjust.  In this case, the Magistrate Judge clearly found no circumstances that would make an award of attorneys' fees and costs unjust.  Although Doherty was apparently traveling for much of the time surrounding Plaintiff's filing of its Motion to Compel, this does not excuse his attorney's failure to respond to Plaintiff's informal inquiries concerning its interrogatories and request for production.  In light of such circumstances, this Court will not hold that the Magistrate Judge abused her discretion by imposing sanctions after granting Plaintiff's Motion to Compel.

C.  <u>Motion to Correct Name</u>

   The Magistrate Judge did not state a separate legal basis for the imposition of sanctions based on Doherty's opposition to Plaintiff's Motion to Correct Name.  It is therefore unclear whether the Magistrate Judge imposed these sanctions pursuant to Rule 37(a) or Rule 11 of the Federal Rules of Civil Procedure.  If Rule 37(a) were the basis for the sanctions, the ruling would be an abuse of discretion.  As its title indicates, Rule 37 applies only to failures to make disclosures or cooperate in discovery.  Thus, the imposition of Rule 37 sanctions based on a dilatory opposition to a motion would be an error of law.

Of course, Rule 11 does provide a legal basis for the imposition of sanctions where a party has, *inter alia*, filed a written motion or other paper for the purpose of unnecessary delay or needless increase in the cost of litigation. *See* Fed. R. Civ. P. 11(b)(1). Furthermore, a court has the authority to enter an order providing for Rule 11 sanctions on its own initiative. *See* Fed. R. Civ. P. 11(c)(1)(B). Where a court undertakes to impose Rule 11 sanctions on its own initiative, however, the party to be sanctioned is due certain procedural protections. The court must first "enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto." *Id.* At the March 17, 2006 hearing on Plaintiff's motions, the Magistrate Judge expressly described the conduct she found to be dilatory. She did not, however, give Doherty advance notice of her inclination to impose sanctions or a meaningful opportunity to show cause why his conduct did not violate Rule 11.

Furthermore, once a court has decided that attorneys' fees are proper under Rule 11, the court must determine the amount of a reasonable fee. *See X-It Prod., LLC v. Walter Kidde Portable Equip., Inc.*, 227 F. Supp. 2d 494, 541 (E.D. Va. 2002). *See also* Fed R. Civ. P. 11(c)(2) (providing that a court may enter "an order directing payment to the movant of some or all of

the reasonable attorney's fees and other expenses incurred as a direct result of the violation"). An award of attorneys' fees "must be accompanied by detailed findings of fact with regard to the factors considered." *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978), *abrogated in part by Daly v. Hill*, 790 F.2d 1071, 1077-78 (4th Cir. 1986).

According to the Supreme Court, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This calculation, which is also known as the lodestar figure, should include consideration of the following factors:

(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to properly perform the legal service;
(4) the preclusion of other employment by the attorney due to acceptance of the case;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) the time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation, and ability of the attorneys;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

*Daly*, 790 F.2d at 1075 n.2. A proper computation of the lodestar fee will constitute the "reasonable fee" in most cases. *See id.*

at 1078.  Finally, the Fourth Circuit has held that the adverse party should be given an adequate opportunity to contest the amount of the sanction imposed.  *See In re Kunstler*, 914 F.2d 505, 522 (4th Cir. 1990).

In this case, the Magistrate Judge considered Plaintiff's attorneys' fees and costs affidavit and found the expenses set forth therein to be reasonable.  Her finding of reasonableness was not accompanied by "findings of fact with regard to the factors considered," however, as is required by *Barber*.  There is also no indication that Doherty was given an opportunity to respond to Plaintiff's fee affidavit or contest the amount of the sanction.  As such, it constituted an abuse of discretion to award attorneys' fees and costs based on Doherty's opposition to Plaintiff's Motion to Correct Name.

### IV. Conclusion

For the foregoing reasons, the Court will affirm the Magistrate Judge's April 12, 2006 Order insofar as it awards fees and costs associated with Plaintiff's Motion to Compel and reverse the Magistrate Judge's Order insofar as it awards fees and costs associated with Plaintiff's Motion to Correct Name.  This matter will be remanded for proceedings consistent with the content of this Opinion.  An appropriate Order will issue.

May 19, 2006                           _____/s/_____
Alexandria, Virginia                           James C. Cacheris
                                       UNITED STATES DISTRICT COURT JUDGE