IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| AMERICAN ZURICH INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 1:05cv866 (JCC) ) |
| CORNELIUS H. DOHERTY, JR. *et al.*, | ) ) ) |
| Defendants. | ) |

### **M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant Cornelius H. Doherty's motion for summary judgment and Plaintiff American Zurich Insurance Company's motion for summary judgment. For the following reasons, the Court will deny Defendant's motion and grant Plaintiff's motion.

### I. Background

In this matter, Plaintiff American Zurich Insurance Company ("Zurich Insurance") seeks a declaratory judgment that the lawyers liability insurance policy it provided to Defendant Cornelius H. Doherty, Jr. ("Doherty") does not provide coverage for the judgment entered against Doherty in litigation brought by Defendants Julia Gordon Langdon, Lindsay A. Langdon, Elizabeth Brandon Sells, and Bryan Ludington Sells (collectively

"Claimants").  In other words, this is an insurance coverage dispute regarding Zurich Insurance's duty to indemnify Doherty.

On February 23, 2005, Claimants filed a lawsuit in Alexandria Circuit Court regarding the management of a trust to which Doherty was appointed executor and trustee.  The trust owned two business entities, and Doherty was granted decrees to operate these businesses outside of the trust.  Claimants complained of improper and unauthorized funds paid to Doherty by the business entities for his completion of management, executor, and trustee duties.

Doherty asserts that he notified an agent of Zurich Insurance of the claim.  He states he was informed that American Guarantee and Liability Company, not Zurich Insurance, would provide a defense.  According to three separate letters, Doherty states that American Guarantee and Liability Company did file a defense.  Yet, Zurich Insurance indicates that it provided the defense, not American Guarantee and Liability Company.

On March 10, 2005, Judge Lisa Kemler of the Alexandria Circuit Court entered an opinion (the "Circuit Court opinion") awarding judgment in favor of Claimants in an amount equal to the commissions Doherty received from the businesses plus interest running from the date of each trust account at issue.  Judge Kemler did not find, however, that the Complainants established

by clear and convincing evidence the alleged fraud, and if the facts did support such a charge, it was time barred.

Zurich Insurance issued Lawyers Professional Liability Policy No. LPL 4907723-1 to Defendant Doherty, Sheridan & Persian, LLP, of which Defendant Doherty is a partner, for a policy period of one year starting November 15, 2003.  Plaintiff characterizes the policy as a lawyers professional policy that only provides coverage for risks that are inherent in the practice of law and a third party liability policy of insurance designed to pay the insured's liability for a third party's loss.

Doherty sought a defense and indemnity for the Claimants' suit under his policy with Zurich Insurance.  As a result, Plaintiff filed a complaint seeking a declaratory judgment on July 25, 2005 as to whether indemnity is required under the policy.  On March 10, 2006, Plaintiff filed a motion for summary judgment.  On March 24, 2006, Defendant Doherty filed a motion for summary judgment.  These motions are currently before the Court.

## II.  Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *See* Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs.*

*Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted).  The party seeking summary judgment has the initial burden to show the absence of a material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  The party opposing summary judgment may not rest upon mere allegations or denials.  A "mere scintilla" of evidence is insufficient to overcome summary judgment.  *Anderson*, 477 U.S. at 248-52.  Unsupported speculation is not enough to withstand a motion for summary judgment.  *See Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986).  Summary judgment is appropriate when, after discovery, a party has failed to make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier

of fact to find for the non-movant." *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

Plaintiff begins its argument for summary judgment with an assertion that the policy does not apply to this factual situation at all. Zurich Insurance states that the billing practices that resulted in the underlying litigation do not classify as "professional services" under the policy and are therefore not covered. Zurich Insurance relies on cases from other jurisdictions to highlight the difference between professional and commercial services. Quite simply, however, none of the cases cited are factually similar to the present matter and are therefore unpersuasive. Plaintiff must assert, as it does, that "the Judgment is not based on a claim for legal malpractice." (Plf.'s Mot. 15.) However, the judgment was awarded to Claimants in part due to a breach of fiduciary duty. Regardless of the underlying duties, this is, at its heart, a malpractice matter.

Also, in an attempt to claim that the policy is completely inapplicable, Plaintiff claims that the judgment is barred by a policy exclusion which excludes coverage for liability arising out of an insured's services as an "officer, director, partner, trustee or employee of a business enterprise . . . ." (Plf.'s Mot. Ex. 4 Exclusions I(c)(1).) Because

Doherty was granted the power to operate the two business entities outside of the trust, Zurich Insurance contends that this exclusion applies.  The Court agrees with Doherty that this exclusion does not apply, however, because the judgment was based on Doherty's actions as a trustee rather than a derivative action brought against Doherty as a director.  This is further exemplified by the fact that Count II alleges a breach of fiduciary duty, and the Circuit Court opinion concluded that Doherty breached his fiduciary duties.  However, since the court concluded that the breach and damages were so coextensive with Count I, the accounting count, it did not separately address Count II regarding the fiduciary duty.

Furthermore, any ambiguity in the policy will be construed against the insurer.  *St. Paul Fire & Marine Ins. Co. v. S.L. Nusbaum & Co.*, 227 Va. 407 (1984).  Thus, the exclusion of coverage for trustees in Exclusion C versus the inclusion of trustees in the definition of "professional services"[1] could amount to an ambiguity.  Accordingly, the Court will find that the exclusionary clause does not apply.

Doherty also attempts to dispense with this matter on a technicality in policy requirements.  Doherty argues that because Zurich Insurance never properly reserved its rights, it waived

---

[1] The insurance policy provides coverage to performance of all professional services, which explicitly includes services rendered as an "administrator," "executor," "trustee, or in any similar fiduciary capacity." (Def.'s Ex. 1, I(a).)

the right to deny coverage.  In Virginia, "[u]nder principles of estoppel and waiver, providing the insured a legal defense generally makes the insurer liable for amounts recovered against the insured because the insurer's actions indicate that the policy coverage applies, and, therefore, the insurer is estopped from subsequently seeking to avoid liability under the policy." *State Farm Fire & Cas. Co. v. Mabry*, 255 Va. 286, 291 (1998). Because American Guarantee and Liability Insurance Company, not Zurich Insurance, issued a reservation of rights letter, Doherty claims that Plaintiff has waived the right to deny coverage.

None of the cases cited by Doherty as to this issue are factually similar to the present circumstance.  Here, Doherty was on notice that an insurance company had reserved its rights to deny coverage.  Zurich Insurance even relayed to Doherty that American Guarantee and Liability Insurance Company would be doing so.  Doherty cannot claim complete ignorance of the possibility of an insurer choosing to challenge coverage.  The strict compliance standard that Doherty cites addresses a strict compliance to the grounds initially stated for a defense so as to put the insured on notice of the true nature of the defense. *Lumbermen's Mut. Casualty Co. v. Hodge*, 205 Va. 36 (1964).  Such is not the case here, and no where does Doherty state that he was without notice that a defense similar to that at issue here could later arise.  The fact that the letter was allegedly signed by

American Guarantee and Liability Insurance Company rather than Zurich Insurance is not dispositive of this entire matter.

The Court finds that the policy applies to this matter and that Zurich Insurance can properly raise arguments for why coverage should be denied. Thus, the central and only remaining question is whether the monetary judgment awarded by the Circuit Court is covered by the policy. Plaintiff argues that the Circuit Court judgment against Doherty does not constitute "damages" as defined in and covered by the insurance policy. "Damages," as stated in the policy, means "a monetary judgment or settlement and does not include fines or statutory penalties whether imposed by law or otherwise, nor the return or restitution of legal fees, costs and expenses arising therefrom." (Plf.'s Mot. Ex. 4, I.) Plaintiff characterizes the judgment as awarding restitutionary relief and the return of legal fees, both of which are not included as "damages."

Zurich Insurance cites a slew of cases that contain facts that led various courts to conclude that something other than damages were sought and therefore, under the specific policies at issue, indemnification was not required. The case with the most similar fact pattern to the present matter is the unpublished Fourth Circuit opinion, *Friend v. Attorneys Liability Protection Society*, 1997 U.S. App. LEXIS 34139 (4th Cir. 1997). In *Friend*, the insured was an attorney for the executrix of an

estate who was found to have billed unreasonable fees.  The state court "ordered 'that all amounts paid to Friend in excess of $105,000.00 shall be refunded by Friend,' and entered against Friend 'a judgment in favor of the estate and trust for such sums paid to Friend in excess of the amount allowed. . . .'"  *Id.* at *3.  The Fourth Circuit determined that return of fees did not constitute a sum that the insured was obligated to pay as "damages."  Since the insurance policy at issue did not define damages, the Fourth Circuit determined as a "matter of contract interpretation" and "a matter of common sense" that the policy was not meant to insure the lawyer's ability to collect and keep the full amount of the fees he billed.  *Id.* at *6.  Zurich Insurance forwards that the present judgment is essentially one to return fees and is restitutionary in nature.  Thus, the same conclusion should result, namely that Plaintiff is not required to indemnify Doherty.

Doherty, on the other hand, argues that since the policy covers monetary damages, as a matter of law Zurich Insurance should cover the judgment in the underlying case.  Doherty asserts that the final decree expressly refers to compensatory damages and not to disgorgement or forfeiture.  The judgment considered that the commissions Doherty paid himself from the two business entities were either fiduciary compensation or additional compensation.  Regardless of the classification,

the remedy of surcharge was awarded. The actual amount of the award not only states that it is for "compensatory damages" but also calculates the loss to the trust for Doherty's mismanagement rather than simply requiring a return of commissions. Thus, the court was looking to make the trust whole, not disgorge Doherty of any funds he wrongly received. As such, according to Doherty, the relief provided by the Circuit Court fits squarely within the insurance policy.

      The Court is inclined to agree with the Plaintiff both in applying the factual circumstances of the present case and in acknowledging the persuasive logic of the unbinding *Friend* decision. While the language of the letter opinion does indeed state "compensatory damages," the gravamen of the opinion deals with the return of the commissions Doherty received from the two business entities but did not report on the annual accounts. The facts in this case are therefore substantially similar to the facts in *Friend*, and a similar conclusion is warranted. Furthermore, the damages awarded in the Circuit Court opinion are restitutionary in nature and thus fall outside of the damages definition as explicitly stated in the policy. To require the Plaintiff to indemnify Doherty would be to ignore the terms of the policy and defy common sense. This Court will do neither and will therefore grant Plaintiff's motion for summary judgment.

**IV.  Conclusion**

For the foregoing reasons, the Court will deny Defendant Doherty's motion for summary judgment and grant Plaintiff's motion for summary judgment.  An appropriate Order shall issue.


May 19, 2006                           _____/s/_____
Alexandria, Virginia                           James C. Cacheris
                                       UNITED STATES DISTRICT COURT JUDGE